No. 24-10803

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
_____

JACQUELINE JONES
Plaintiff-Appellant

V.

CITY OF DALLAS, TEXAS
Defendant-Appellee

---

On Appeal from the United States District Court for the
Northern District of Texas-Dallas Division
Cause No. 3:22-cv-1477

---

REPLY BRIEF OF APPELLANT

---

JOHN. H. CROUCH, IV
State Bar No. 00783906
KILGORE & KILGORE, PLLC
3141 Hood Street, Suite 500
Dallas, Texas 75219
(214) 969-9099 – Telephone
(214) 379-0844 – Facsimile
jhc@kilgorelaw.com

**ATTORNEYS FOR PLAINTIFF-APPELLANT JACQUELINE JONES**

**TABLE OF CONTENTS**

TABLE OF CONTENTS ............................................................................................. ii

TABLE OF AUTHORITIES ..................................................................................... iii

I.     STATEMENT OF THE CASE ................................................................................1

        A.     Johnson's Knowledge of Earlier Suit ......................................................1

        B.     Insufficient Accommodations ................................................................1

        C.     No Indication of Fault by Jones in the Underspending .........................2

        D.     Contract Solutions Specialists Not Responsible for Spending .............2

II.     ARGUMENT ....................................................................................................3

Issue No. 1: Jones Exhausted Administrative Remedies
              Under Title VII ............................................................3
              A. The Trial Court Retained Right to Review ...........................3
              B. Jones Exhausted Administrative Remedies .........................5

III.     CONCLUSION ..................................................................................................9

SIGNATURE PAGE ....................................................................................................9

CERTIFICATE OF SERVICE ...................................................................................10

CERTIFICATE OF COMPLIANCE .........................................................................11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Cotton v. Russell*,
   830 F. App'x 145 (5th Cir. 2020) (per curiam) . Op. ...........................................6

*EEOC v. GE*,
   532 F.2d 359 (4th Cir. 1976) ...................................................................................8

*Patton v. Jacobs Eng'g Group, Inc.*,
   874 F.3d 437 (5th Cir. 2017) ...................................................................................6

*Sanchez v. Standard Brands, Inc.*,
   431 F.2d 455 (5th Cir. 1970) ...............................................................................6, 8

**Statutes**

ADA ...................................................................................................................................7

Americans with Disabilities Act of 1990 ..........................................................................7

Americans with Disabilities Act of 1990 Section 503(a) .................................................7

Civil Rights Act of 1964 Title VII ..........................................................................*passim*

**Other Authorities**

29 C.F.R. § 1601.12(b) ......................................................................................................8

# I.

# STATEMENT OF THE CASE

A. **Johnson's Knowledge of Earlier Suit.**

The City asserts Plaintiff's immediate supervisor Ericka Johnson had no knowledge that Jones had asserted her earlier lawsuit. Brief of Appellee at 5, citing ROA.677. However, the citation does not support this assertion. No affidavit was offered from Johnson denying knowledge of the earlier suit, and the cited reference to Jones' deposition testimony indicates that Jones clearly inferred Johnson knew about the earlier proceeding due to immediate and hostile actions following the termination of the earlier case. ROA.677, ll 22-25 ("So while she might not have verbally said, you know, I am aware – her actions, just follow immediately after me coming out of the courtroom, just negative actions one after another.")

B. **Insufficient Accommodations.**

The City asserts that Jones rejected several accommodations in the form of changing cubicles and reorienting her monitors. Brief of Appellee at 11. However, Their own affidavits indicate the reason Jones declined the offered accommodations was because they were inadequate. ROA.750. A private office did become available at a later date. ROA.752. However, Hardman fails to testify the office was offered to Plaintiff. ROA.752. The City declined to offer work from

home until an office could become available, despite Jones' assertion that "99.99% of my work is electronic and done on PC." ROA.777.

C. <u>**No Indication of Fault by Jones in the Underspending.**</u>

There is no indication of fault by Jones in the underspending by charities working with the City. In contrast, the paperwork indicates that Jones promptly explained the majority of "grants were delayed due to council scheduling, which occurred November 28, 2018. The delay 60 days after the contract effective date resulted in programs beginning late and contract restrictions which impacted expenditures." ROA.381. A more detailed explanation from the charities indicates that after the late council approval, it was contract restrictions, and not any lapse by Ms. Jones, that caused delay in spending the funds. *See*, ROA.376-377.

D. <u>**Contract Solutions Specialists Not Responsible for Spending.**</u>

Although Hardman indicates in her deposition the reason for letting Jones go was related to a HUD letter and failure to monitor spending levels, Crethers directly disputes this. Crethers reports it was not their responsibility to monitor spending under the contract, and that a different department held that responsibility. Crethers Decl. at 3, Pl. App. p. 41, ROA.920. Crethers wasn't trained to do this by Johnson, and didn't have any SOP's instructing her to monitor spending levels. *Id*. Jones confirms this testimony. Pl. App. pp. 7-8, ROA.886-87. She also explains that minimal disbursements were made for months due to a

defective software program to the point that it nearly bankrupted the charities the City worked with, and no employees were disciplined for this result. Pl. App. p. 8, ROA.887.

## II.

## ARGUMENT

**Issue No. 1:** **Jones Exhausted Administrative Remedies Under Title VII.**

    A.    **The Trial Court Retained the Right to Review.**

The City cites *Freeman v. County of Bexar*, 142 F.3d 848, 851 (5th Cir. 1998) for the proposition that the trial court had no right to review the Magistrate's recommendations with respect to the exhaustion of administrative remedies argument. Brief of Appellee at 24. However, this overstates the decision, and would run afoul of constitutional considerations.

As the Court pointed out in *Freeman*, "There is no doubt that district courts may, both constitutionally and by statute, assign magistrate judges to work on dispositive motions in a case, but the Article III judge must retain final decision-making authority." *Id.* at 851. This result is understood to be required by the Supreme Court's decision in *United States v. Raddatz*, 447 U.S. 667, 681–82, 100 S. Ct. 2406, 2415, 65 L. Ed. 2d 424 (1980). *Id.* at 851; *see also*, *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir.1981) ("The authority to grant or deny a motion to suppress must be retained by a judge appointed pursuant to Article III of

the Constitution."); *In re Texas Gen. Petroleum Corp.*, 52 F.3d 1330, 1337 (5th Cir.1995) ("*De novo* review over an adjunct's ruling is crucial to maintaining Article III control over an adjunct."). Thus, the Fifth Circuit in *Freeman* concluded that a district court was required to at least consider a tendered supplemental affidavit offered in challenge to a magistrate's recommendations under the lenient standards of Rule 59(e). 142 F.3d 852-53.

Nor does the Court's decision in *Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994) require otherwise. The Court noted in *Freeman* that this decision held only that "waiver *may* bar a party from raising new legal objections to the district court," not that such a waiver would be absolute or unconditional. 142 F.3d 852. It should further be noted that the nomenclature in *Cupit* can be deceptive. "Waiver is different from forfeiture. Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment or abandonment of a known right." *United States v. Olano*, 507 U.S. 725, 733, 113 S.Ct. 1770, 1777, 123 L.Ed.2d 508 (1993). "Mere forfeiture, as opposed to waiver, does not extinguish an 'error'." *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1420 (5th Cir. 1996). Unlike in *Cupit*, Plaintiff here has never stipulated a failure to exhaust administrative remedies, so at most a forfeiture situation would arise. Under the law in effect at that time, the Court held in *Hardin v. Wainwright*, 678 F.2d 589, 591 (5th Cir.1982) (emphasis added): "[t]he failure to object no longer

waives the right to appeal but simply limits the scope of appellate review of factual findings to plain error review; no limitation of the review of legal conclusions results." Thus, even completely failing to object to the Magistrate's legal findings would not have waived appellate review at the time of the *Cupit* decision.

Now notably, the Fifth Circuit has since backed off the distinction between challenging magistrate recommendations on legal versus factual issues, but in any event the Court retains the notion that a party may still seek appellate review for clear error even if no objection to a magistrate's report is filed. *See, Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1424 (5th Cir. 1996) *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1). Obviously, Plaintiff did timely appeal the magistrate's report, and holding a failure to exhaust administrative remedies when her Charge clearly mentioned Title VII and disability discrimination would affect substantial rights.

    **B.**    **<u>Jones Exhausted Administrative Remedies.</u>**

The Magistrate erred in finding that Jones failed to exhaust administrative remedies under Title VII except as to her pay disparity claim. (Doc. No. 46 at p.7, ROA.1149) The trial court adopted the Magistrate's opinion. ROA.1262. The Magistrate acknowledges, but then proceeds to ignore that the restrictions are "not jurisdictional limitations on [a federal court's] ability to hear the case; rather they are claim-processing rules, which seek to promote the orderly progress of litigation

by requiring that the parties take certain procedural steps at certain specified times." *Cotton v. Russell*, 830 F. App'x 145, 147 (5th Cir. 2020) (per curiam) (cleaned up). Op. pp. 7-8, ROA.1149-50. The Magistrate again correctly noted, but improvidently applied the doctrine that to determine "whether a plaintiff has exhausted a particular claim, [the Fifth Circuit has] noted that 'the scope of an EEOC complaint should be construed liberally.'" *Patton v. Jacobs Eng'g Group, Inc.*, 874 F.3d 437, 443 (5th Cir. 2017) (*quoting Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir. 2006)). *See, also, Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 463 (5th Cir. 1970)("We must ever be mindful that the provisions of Title VII were not designed for the sophisticated or the cognoscenti, but to protect equality of opportunity among all employees and prospective employees. This protection must be extended to even the most unlettered and unsophisticated.")

The Magistrate partially summarizes the Charge at pages 8-9 of his Opinion:

> Co-worker Lori Davidson (White) and I were both promoted to Contract Solutions Specialists in or around August of 2018. I complained to HR, Nina Arias (on or around September 2019) about the unequal pay and nothing was done. Lori Davidson was being paid $86K and I was being paid $61,171 and we were in the same positions. I also asked and submitted multiple of reasonable accommodation requests and I received no response, no interactive process took place, and nothing was done. I was terminated in June 14, 2019 in retaliation because of my complaints of unequal pay and requests for reasonable accommodations.
>
> I believe that I was discriminated against because of my Race (African American/Black), in violation of Title VII of the Civil Rights Act of 1964, as amended. I believe that I was retaliated against in violation of Section 704(a) of Title VII of the Civil Rights Act of 1984, as amended. I

believe that I was discriminated against based on disability, in violation of the Americans with Disabilities Act of 1990. I believe that I was retaliated against in violation of Section 503(a) of the Americans with Disabilities Act of 1990, as amended.

ROA.1150-51 The Magistrate omits that no reason was given to Plaintiff for her termination. (Doc. No. 23-2 at Def. App. p. 127, ROA.274) He further omits that the Charge was drafted by the EEOC itself as a summary of her claims, as Plaintiff was not yet represented by counsel at that time. (Doc. No. 23-2 at D. App. pp. 132-35, ROA.279-82) It took essentially a year and multiple attempts just to get the EEOC and Department of Justice to issue an obligatory "right to sue" letter, so imaging a thorough investigation was conducted by the overwhelmed EEOC staff is likely a judicial fiction employed to deny Plaintiff her day in court. (Doc. No. 23-2 at D. App. pp. 134, 131, ROA.281, 278)

     In any event, the Magistrate errs in limiting the scope of the Title VII claim to just pay disparity. It is clear Jones alleges reporting the pay disparity to HR, and then separately alleges both retaliation under Title VII and under the ADA. The Court need not infer, because she pointedly states: "I was terminated in June 14, 2019 in retaliation because of my complaints of unequal pay and requests for reasonable accommodations." (Doc. No. 23-2 at Def. App. p. 127, ROA.274) The fact that she was harassed and treated differently is obviously referrable to proof of racial and retaliatory animus, and it is improper to limit the scope of the Charge as

the Magistrate proposes. The EEOC's regulations further provide that the Charge need not be overly specific. EEOC regulations provide: "… a charge is sufficient when the Commission receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of." 29 C.F.R. § 1601.12(b)(emphasis added). It is patently unfair to punish Plaintiff when the EEOC has decided as a matter of policy and practice that they do not want Charges looking like 20 page complaints. *See, EEOC v. GE*, 532 F.2d 359 (4th Cir. 1976)("The charge is not to be treated as a common law pleading that strictly cabins that strictly cabins the investigation that results therefrom…").

Jones further explained in her declaration that her prior lawsuit, which ended on August 8, 2018, related to discrimination promotion opportunities for minority women, which strongly implies connection to her new allegation of racial pay disparity, since promotions are naturally liked to the issue of pay. Jones Decl. ¶ 6, Pl. App. p. 2, ROA.881. As the Fifth Circuit explained in *Sanchez*, "[A]llegations in a judicial complaint filed pursuant to Title VII 'may encompass any kind of discrimination like or related to allegations contained in the charge and growing out of such allegation during the pendency of the case before the Commission.'" *Sanchez*, 431 F.2d at 466, *quoting King v. Georgia Power Co.*, 295 F.Supp. 943 (N.D. Ga. 1968).

## III.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Jones prays the Court reverse the magistrate and trial court, and remand this case to proceed to trial.

Dated: February 7, 2025.

Respectfully submitted,

**KILGORE & KILGORE, PLLC**

By: */s/ John H. Crouch, IV*
      John H. Crouch, IV
      SBN 00783906
      jhc@kilgorelaw.com

3141 Hood St., Suite 500
Dallas, TX 75204
214-969-9099 – Telephone
214-953-0133 – Facsimile

**ATTORNEYS FOR APPELLANT JACQUELINE JONES**

# CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on February 7, 2025, a true and correct copy of the foregoing document was filed with the ECF system, so that an electronic copy of the document was automatically transmitted to counsel for the opposing party.

**Via ECF:**
Sarah E. Mendola, Executive Assistant City Attorney
sarah.mendola@dallas.gov
Nicholas Palmer
nicholas.palmer@dallas.gov
City Attorney's Office
1500 Marilla Street, Room 7D North
Dallas, Texas 75201 *Counsel for Defendants*

                                         */s/ John H. Crouch, IV*
                                         John H. Crouch, IV

# CERTIFICATE OF COMPLIANCE

1. EXCLUSIVE OF THE EXEMPTED PORTIONS IN 5TH Cir. R. 32.2, THE BRIEF CONTAINS (select one):

   A.    2,004 words, OR

   B.    N/A   lines of text in monospaced typeface.

2. THE BRIEF HAS BEEN PREPARED (select one):

   A.    in proportionally spaced typeface using:

   Software Name and Version:    Microsoft Word 365

   in (Typeface Name and Font Size): Times New Roman - 14,   OR

   B.    in monospaced (nonproportionally spaced) typeface using:

   Typeface name and number of characters per inch:

      N/A

3. THE UNDERSIGNED UNDERSTANDS A MATERIAL MISREPRESENTATION IN COMPLETING THIS CERTIFICATE, OR CIRCUMVENTION OF THE TYPE-VOLUME LIMITS IN Fed. R. App. P. IMPOSING SANCTIONS AGAINST THE PERSON SIGNING THE BRIEF.

                                            */s/ John H. Crouch, IV*
                                            John H. Crouch, IV